# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Witold Jachym, <br><br> Plaintiff, <br><br> v. <br><br> Carson Smithfield, LLC <br> c/o CT Corporation System <br> 208 S. LaSalle Street, Suite 814 <br> Chicago, IL 60604, <br><br> Defendant. | Case No. <br><br><br><br> **COMPLAINT** <br><br><br><br> **Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff is a resident of the State of Illinois.

4- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

5- Defendant is with its principal place of business in the State of New York.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

9- Prior to March 11, 2016, Plaintiff incurred a debt with Nationwide Bank (the "Debt").

10- Prior March 11, 2016, Plaintiff defaulted on the Debt.

11- On March 11, 2016, Plaintiff filed a bankruptcy petition that included the Debt.

12- Upon information and belief, after March 11, 2016, Defendant received the Debt for collection.

13- On June 7, 2016, Plaintiff received a discharge that included the Debt.

14- Despite the petition and the discharge, on or around January 10, 2018, Defendant sent Plaintiff a letter to collect the Debt.

15- In the Letter, Defendant misrepresented the amount and status of the Debt.

16- Defendant damaged Plaintiff.

17- Defendant violated the FDCPA.

## COUNT I

18- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

19- Defendant violated 15 USC § 1692e(2) by attempting to collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy, thereby misrepresenting the legal status of the debt

## COUNT II

20- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

21- Defendant violated 15 USC § 1692e(10) by falsely representing to Plaintiff that it could collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy.

## COUNT III

22. Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

23. Defendant violated 15 USC § 1692f by unfairly and unconscionably trying to collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy.

## JURY DEMAND

24. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

25. Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier
401 N. Michigan Ave, Suite 1200
Chicago, IL 60611
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*